UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x   NOT FOR PUBLICATION
CALVIN SMALLS,

                Plaintiff,            MEMORANDUM
                                        AND ORDER

       -against-

JOHN DOE #1 - JORGE TORRES;              06-CV-302 (ARR)
JOHN DOE #2 - SGT. STEPHEN LEMKE;
JOHN DOE #3; JOHN DOE #4,

                Defendants.
------------------------------------------------------------x
ROSS, United States District Judge:

      Plaintiff Calvin Smalls, incarcerated at Rikers Island, brings this action *pro se* pursuant to 42 U.S.C. § 1983 alleging that he was stopped and arrested by defendants in violation of his civil rights. He seeks monetary damages and injunctive relief. The court grants plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directs plaintiff to file an amended complaint within 30 days as set forth below.

Background

      Plaintiff alleges that on October 6, 2004[1] he was stopped by four police officers while he was outside on Stagg Walk in Williamsburg, Brooklyn. Plaintiff alleges he was subjected to an illegal search and arrest because he matched the name and photo of a Police Department wanted poster. According to the poster (attached to the complaint), a man identified as Calvin Lee Smalls was suspected in a shooting which occurred on October 2, 2003. Plaintiff alleges that was taken to the 90th Precinct and subsequently arraigned in court on "false charges an[d] excessive bail. Complaint at ¶ III.

---

[1] Plaintiff does not provide the year that the events described occurred, but the documents attached to the complaint referred to an arrest on October 6, 2004.

1

Dockets.Justia.com

Standard of Review

Section 1915A requires this Court to review a civil action in which a prisoner seeks redress from officers or employees of a governmental agency and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). Because plaintiff is proceeding *pro se*, his papers must be read liberally and interpreted as raising the strongest arguments they suggest. Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

In order to maintain an action under 42 U.S.C. § 1983, a plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

A.   False Arrest and Malicious Prosecution Claims

Under New York law, the elements of a false arrest are: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995), cert. denied, 517 U.S. 1189 (1996); see also Hygh v. Jacobs, 961 F.2d

359, 366 (2d Cir. 1992) ("The elements of a claim of false arrest under § 1983 are substantially the same as the elements of a false arrest claim under New York law."). A conviction that survives appeal is conclusive evidence of probable cause and is therefore a complete defense to a false arrest claim brought under § 1983. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); Broughton v. State, 37 N.Y.2d 451, 458 (1975). To state a cause of action for malicious prosecution, plaintiff must allege a favorable disposition. In Heck v. Humphrey, 512 U.S. 477, 486-487 (1994), the Supreme Court held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, ... whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid ... or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Here, the complaint does not provide sufficient information to determine whether plaintiff has cognizable claims for false arrest or malicious prosecution. Plaintiff does not allege facts to show the lack of probable cause to arrest him. Further, plaintiff alleges that he was arrested on October 6, 2004 and that is bail was reduced, but he does not provide any other information concerning this arrest. For example, plaintiff does not allege whether he was convicted of the charges or whether the charges were dismissed. The court directs plaintiff to file an amended complaint setting forth the date of his arrest, the nature of the charges for the arrest, a description of any subsequent proceedings concerning the arrest and the date the charges were dismissed or the date he was convicted.

B.    Younger Abstention

If, however, the criminal case against plaintiff remains pending, then this court must dismiss the complaint, notwithstanding plaintiff's claims of false arrest and malicious prosecution. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that the district court could not enjoin an ongoing

state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was constitutional, citing, *inter alia*, the Federalism principles central to the United States Constitution. The Second Circuit has held that "Younger abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." Hansel v. Springfield, 56 F.3d 391, 393 (2d Cir.1995), cert. denied, 516 U.S. 1012 (1995). Here, if the criminal case against plaintiff is still pending, then New York has an important state interest in enforcing its criminal laws. Furthermore, plaintiff is free to raise his claims of false arrest and malicious prosecution in the pending criminal proceedings.

Conclusion

Accordingly, the court directs plaintiff to file an Amended Complaint within 30 days as set forth above. It must be titled "AMENDED COMPLAINT" and bear the docket number 06-CV-302 (ARR). No summons shall issue and all proceedings shall be stayed for 30 days. If plaintiff fails to comply with this order within the time allowed, the complaint shall be dismissed for failure to state a claim under 28 U.S.C. § 1915A and judgment shall enter. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
January 30, 2006

4